# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LAMARR ROWELL,

    Petitioner,

vs.

JACK PALMER, et al.,

    Respondents.

Case No. 3:10-CV-00135-LRH-(VPC)

**ORDER**

    Before the court is petitioner's motion to reinstate grounds 1 and 3 due to court error (#6), respondents' opposition (#9), and petitioner's reply (#10). The court finds that relief is not warranted, and the court denies the motion.

    The court dismissed grounds 1 and 3 because the constitutional violations alleged in those grounds preceded petitioner's plea of guilty. See Tollett v. Henderson, 411 U.S. 258, 267 (1973). Petitioner argues that grounds 1 and 3 are facial challenges to the constitutionality of Nevada's laws regarding burglary and larceny, and that the challenges, if successful, would mean that the state court lacked jurisdiction to convict him. Petitioner is correct that a claim that a statute is facially unconstitutional survives a plea of guilty. See United States v. Cortez, 973 F.2d 764, 767 (9th Cir. 1992). However, the statutes that petitioner challenges are constitutional on their face.

> That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law; and a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law.

Connally v. General Const. Co., 269 U.S. 385, 391 (1926).

The larceny statute states, in pertinent part:

Except as otherwise provided in NRS 205.226 and 205.228, a person commits grand larceny if the person:

1. Intentionally steals, takes and carries away, leads away or drives away:

(a) Personal goods or property, with a value of $250 or more, owned by another person;

(b) Bedding, furniture or other property, with a value of $250 or more, which the person, as a lodger, is to use in or with his or her lodging and which is owned by another person; or

(c) Real property, with a value of $250 or more, that the person has converted into personal property by severing it from real property owned by another person.

Nev. Rev. Stat. § 205.220. Petitioner's first complaint with the larceny statute is that unless the property stolen is currency or has a price tag, the thief has no way of knowing that the property being stolen is worth $250 or more. Larceny does not require the thief to know what the value of the property stolen is, but the parties can litigate the value of the stolen property at trial. In fact, at the hearing on petitioner's change of plea, his counsel indicated that value might have been an issue had petitioner gone to trial. Ex. 6, p. 11 (#11). Next, petitioner argues that the statute does not explain what a person must do to intentionally steal personal goods or property belonging to another person. Any person of common intelligence, reading the larceny statute, would understand that it is against the law to take someone else's property without permission. The prosecution could prove intent through the circumstances of the case. In this case, petitioner entered an office building empty-handed, exited with items in his hands, and police found in his car a laptop computer, a digital camera, currency, and a coffee mug, all of which did not belong to him and which belonged to an office in the building. Section 205.220 is not facially unconstitutional.

The burglary statute states, in pertinent part:

A person who, by day or night, enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, vehicle, vehicle trailer, semitrailer or house trailer, airplane, glider, boat or railroad car, with the intent to commit grand or petit larceny, assault or battery on any person or any felony, or to obtain money or property by false pretenses, is guilty of burglary.

Nev. Rev. Stat. 205.060(1). Petitioner complains that the statute does not inform people what conduct constitutes intent to commit larceny, nor does it provide any clear standards for proving that intent. Petitioner is no stranger to the criminal-justice system, to the crime of burglary, and to this court. See Ex. 5 (#11) (recitation of criminal history in amended information). He has raised the same challenge to § 205.060 several times in this court. In Rowell v. Griegas, 2:01-CV-01415-KJD-(PAL), Magistrate Judge Peggy A. Leen explained at length in findings and recommendations (#23) how § 205.060 is constitutional. The court adopted (#29) those findings and recommendations. Petitioner appealed, and the court of appeals denied a certificate of appealability (#37). By this point in petitioner's criminal career, he raises this claim in bad faith. The court will not waste time providing petitioner another explanation that he will not accept. Section 205.060 is not facially unconstitutional.

Reasonable jurists would not find these conclusions to be debatable or wrong, and the court will not issue a certificate of appealability on grounds 1 and 3.

Petitioner also submitted an unauthorized statement of additional claims (#7), in which he raises ground 5. If the ground had merit, then the court would require petitioner to file an amended petition. However, the court has reviewed ground 5 pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and the court finds that ground 5 has no merit.

In ground 5, petitioner argues that counsel was ineffective for failing to raise on direct appeal the issues in grounds 1 and 3, that the statutes governing burglary and larceny are unconstitutional. "[T]he right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 & n.14 (1970). A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the

defendant makes an insufficient showing on one." Id. at 697. As the court has already noted above, the two statutes are not facially unconstitutional. Consequently, petitioner suffered no prejudice even though counsel did not raise constitutional challenges to those statutes on appeal. Reasonable jurists would not find this conclusion to be debatable or wrong, and the court will not issue a certificate of appealability on this ground.

Respondents have submitted a motion to dismiss (#12), and petitioner has submitted a response (#16). Respondents argue that the court cannot consider ground 2, the remaining ground of the petition (#5), because, first, it is a Fourth Amendment claim and, second, petitioner had a full and fair opportunity to litigate the issue in the state courts. See Stone v. Powell, 428 U.S. 465 (1976). In the alternative, respondents argue that ground 2 is procedurally defaulted. None of these arguments convince the court.

When repeat-offender detectives received information that petitioner might be committing crimes, they started surveillance of petitioner. They arrested Petitioner immediately after he committed the burglary and larceny at issue in this case. Petitioner was charged with burglary, grand larceny, and possession of somebody else's credit card or debit card without the cardholder's consent. Ex. 1 (#11). Petitioner moved to suppress the evidence seized from him and any statements that he made after he was stopped by police. Ex. 3 (#11). The state court conducted an evidentiary hearing and denied the motion. Ex. 4 (#11). On the day that the jury trial was set to begin, the prosecution dropped the card-possession charge due to new evidence. The following exchange then occurred:

> THE COURT: So, there's two charges, Burglary and Grand Larceny; is that right?
>
> MR. EWING [defense counsel]: Yes, Judge. Pursuant to the conversation we've had, Mr. Rowell has elected to go ahead and plead guilty to those two counts.
>
> THE COURT: Just for the record so there won't be any misunderstanding, the D.A. was present as well as you, and you indicated that your client wanted to plead guilty to the Information without any negotiations; is that correct?
>
> MR. EWING: That's correct.
>
> THE COURT: The Court told you I would accept that, and also, there was previously a motion to suppress that the Court had denied, and I told you that I would—in fact, I thought you could appeal it, and by him entering his plea, that would not be foreclosed to the defendant, and also, that I would run the counts concurrent.

|   |   |
|---|---|
| 1 | Is that your understanding? |
| 2 | MR. EWING: Additionally, that the Court would not impose habitual criminal treatment as well. |
| 3 | THE COURT: State? |
| 4 | MS. DIGIACOMO [prosecutor]: Your Honor, just for the record, that's obviously over the State's objection. He's pleading without the deal and we haven't even gotten to sentencing yet, and you haven't seen the [pre-sentence investigation report] yet. |
| 5 |  |
| 6 |  |
| 7 | THE COURT: Right. Right. Well, I've seen his history. |
| 8 | MS. DIGIACOMO: Right. I understand the Information alleges all of his priors. I'm just saying there's been no arguments or anything made. |
| 9 | THE COURT: Of course not. Like I said, I was inclined to sentence him on this, and that was from reading the facts of the case and the preliminary hearing transcript and everything. |

Ex. 6, pp. 3-5 (#11).[1] Later, the judge canvassed petitioner about the rights that he would be waiving by pleading guilty, including the right to appeal. Petitioner asked to speak with his lawyer. The following exchange then occurred:

> MR. EWING: Judge, his question was regarding his right to appeal. We've informed him already he has a right to appeal our denial of his motion to suppress, but that would be the extent of his appellate rights.
>
> THE COURT: Do you understand that, sir?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you agree with that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Like I said, you would be able to appeal your suppression hearing, but you won't be able to appeal any other issues.
>
> Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you waive and give up your rights that I just informed you of except for the right to appeal the suppression hearing?
>
> THE DEFENDANT: Yes, sir.

---

[1] Apparently an off-record conversation occurred before the hearing, and much of the hearing was a memorialization of that conversation.

Ex. 6, pp. 9-10 (#11). Petitioner was convicted and sentenced. Ex. 8 (#11). He appealed, raising as the sole issue whether evidence discovered as a result of his stop by police should be suppressed. Ex. 11 (#11). The Nevada Supreme Court affirmed, not on the merits but because petitioner had not complied with the relevant statute:

> Generally, the entry of a guilty plea waives any right to appeal from events which preceded that plea. See Webb v. State, 91 Nev. 469, 470, 538 P.2d 164, 165 (1975). "'[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. . . . [A defendant] may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" Id. (quoting Tollett v. Henderson, 411 U.S. 258, 267 (1973)). However, NRS 174.035(3) presents an exception to the rule. It allows a defendant pleading guilty to reserve in writing the right to appeal an adverse determination on a specified pretrial motion, provided he or she has the consent of the district court and the State.
>
> On the day of the trial, Rowell announced that he would plead guilty to the charges of burglary and grand larceny without negotiations. Over the State's objection, the district court indicated that it would allow Rowell to preserve the right to appeal the denial of his suppression motion, would impose concurrent sentences, and would not be inclined to adjudicate him a habitual criminal. Rowell did not obtain the State's consent nor did he reserve in writing the right to appeal the adverse determination of his suppression motion. Under these circumstances, we conclude that the denial of Rowell's suppression motion was not properly preserved for appeal and we decline to consider its merits.

Ex. 12, pp. 1-2 (#11) (emphasis added). Contrary to what the Nevada Supreme Court stated, the sole objection by the prosecutor at the hearing does not appear to refer to the preservation of the right to appeal the denial of the suppression motion. Taken in context, the prosecutor objected to the judge's statement that he was not inclined to adjudicate petitioner as a habitual criminal. Ex. 6, pp. 4-5 (#11). Later in that hearing, the judge, defense counsel, and petitioner all assumed that petitioner could appeal the denial of the suppression motion; the prosecutor said nothing at that time. Id., pp. 9-10 (#11). In the off-record conversation before the hearing, the prosecutor might have objected to an appeal of the denial of the suppression motion, but no evidence of that conversation is before the court other than what is in the hearing transcript.

Despite being styled purely as a Fourth Amendment claim, Petitioner's allegations in ground 2 are vague and wide-reaching enough that ground 2 could be possibly four claims. First, petitioner could claim that evidence should have been suppressed because of a Fourth Amendment violation, and that he did not receive a full and fair opportunity to litigate the issue because he had been misled into believing that he could appeal the denial of the suppression motion. Second, petitioner

1  could claim that counsel provided ineffective assistance because counsel did not put into writing the
2  reservation of the right to appeal the denial of the suppression motion and because counsel did not
3  obtain the consent of the prosecution to that appeal.  Third, petitioner could claim that his plea was
4  unknowing because he entered it under the belief that he could appeal the denial of his suppression
5  motion.  Fourth, petitioner could claim that he was denied his direct appeal because counsel did not
6  obtain all the required consents and file all the required paperwork.

7  Respondents' arguments in the motion to dismiss (#12) do not address all these possibilities.
8  Stone v. Powell applies only to the Fourth Amendment claim, and even then the court is not
9  convinced that Petitioner received a full and fair opportunity to litigate that claim.

10  Respondents' argue in the alternative that petitioner's failure to comply with the
11  requirements of Nev. Rev. Stat. § 174.035(3) amounts to a procedural default of ground 2.  A
12  federal court will not review a claim for habeas corpus relief if the decision of the state court
13  regarding that claim rested on a state-law ground that is independent of the federal question and
14  adequate to support the judgment.  Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).  Section
15  174.035(3) governs only the procedure for reserving a right to appeal the adverse decision of a
16  motion after a guilty plea.  To the extent that ground 2 is a claim of ineffective assistance of
17  counsel, unknowing guilty plea, or denial of direct appeal, the statute is simply inapplicable to those
18  claims.  Ground 2 is not procedurally defaulted.

19  In analyzing ground 2, the court has concluded that petitioner would benefit from
20  representation by counsel.  Whenever the court determines that the interests of justice so require,
21  counsel may be appointed to any financially eligible person who is seeking habeas corpus relief.  18
22  U.S.C. § 3006A(a)(2)(B).  "[T]he district court must evaluate the likelihood of success on the merits
23  as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the
24  legal issues involved."  Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983).  The court has already
25  determined that petitioner is financially eligible.  Order (#4).  Furthermore, it appears that petitioner
26  has a strong case on the merits, through one of the four possible theories described above.  The
27  assistance of counsel would help petitioner in separating those theories into distinct claims and in
28  developing evidence that would support those claims.

-7-

The court denies the other motions that are pending. Petitioner's motion to extend prison copywork limit (#3), motion for copy of docket sheet (#18), motion for declaratory judgment on the constitutionality of NRS 174.035(3) (#19), and motion to expedite a decision (#23) are moot, because the court is appointing counsel. The court denies petitioner's demand for immediate release from state custody (#13) and motion to grant demand for immediate release from state custody (#17), because whatever relief from his judgment of conviction that petitioner might receive would be through a writ of habeas corpus. Finally, the court denies as moot respondents' motion to strike pleading (#15), and petitioner's motion to strike respondents motion to strike pleading (#21), because the court already is denying petitioner's demand for immediate release from state custody (#13).

IT IS THEREFORE ORDERED that petitioner's motion to reinstate grounds 1 and 3 due to court error (#6) is **DENIED**.

IT IS FURTHER ORDERED that the statement of additional claims (#7) is **DISMISSED**.

IT IS FURTHER ORDERED that respondents' motion to dismiss (#12) is **DENIED**.

IT IS FURTHER ORDERED that petitioner's motion to extend prison copywork limit (#3), motion for copy of docket sheet (#18), motion for declaratory judgment on the constitutionality of NRS 174.035(3) (#19), and motion to expedite a decision (#23) are **DENIED** as moot.

IT IS FURTHER ORDERED that petitioner's demand for immediate release from state custody (#13) and motion to grant demand for immediate release from state custody (#17) are **DENIED**.

IT IS FURTHER ORDERED that respondents' motion to strike pleading (#15), and petitioner's motion to strike respondents motion to strike pleading (#21) are **DENIED** as moot.

IT IS FURTHER ORDERED that the Federal Public Defender is provisionally appointed to represent petitioner

IT IS FURTHER ORDERED that the Federal Public Defender shall have thirty (30) days from the date that this order is entered to undertake direct representation of petitioner or to indicate to the court her inability to represent petitioner in these proceedings. If the federal public defender does undertake representation of petitioner, she shall then have sixty (60) days to file an amended

petition for a writ of habeas corpus. If the Federal Public Defender is unable to represent petitioner, then the court shall appoint alternate counsel.

IT IS FURTHER ORDERED that the clerk shall electronically serve the Federal Public Defender a copy of the petition (#5) and a copy of this order.

DATED this 15th day of January, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE