# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LAMARR ROWELL,

    Petitioner,

vs.

JACK PALMER, et al.,

    Respondents.

Case No. 3:10-cv-00135-LRH-VPC

**ORDER**

    Before the court are the amended petition for writ of habeas corpus (#31), respondents' answer (#44), and petitioner's reply (#50). The court finds that relief is not warranted, and the court denies the amended petition.

    When repeat-offender detectives received information that petitioner might be committing crimes, they started surveillance of petitioner. They observed petitioner enter an office building empty-handed after hours, and they observed petitioner leave the building with items in his hands. Police stopped petitioner, and they found in his car a laptop computer, a digital camera, currency, and a coffee mug. All of these items did not belong to him and did belong to an office in the building.

    In state court, petitioner was charged with one count of burglary, one count of grand larceny, and one count of possession of a credit card without the cardholder's consent. Ex. 1 (#11).[1] Petitioner filed a motion to suppress evidence, arguing that his arrest violated the Fourth

---

[1] Respondents' exhibits are numbered. Petitioner's exhibits are lettered.

Amendment. Ex. 3 (#11). The state court held a hearing and denied the motion. Ex. 4 (#11). On the day of the trial, the prosecution dropped the credit-card count. Ex. 5 (#11).

Before the trial was to start, the judge held an off-record conference in chambers. According to the prosecution:

> During that conference, the district court judge told defense counsel that he would permit the defendant to withdraw his pleas of not guilty to the charged offenses without negotiating a plea bargain from the State. . . . The judge also promised defense counsel: (1) <u>that the defendant reserved the right to appeal the denial of his pre-trial motion to suppress</u>, and (2) that the Court would run the sentences it would impose concurrently. . . . During the proceedings following the off-the-record conference, the district court also promised not to impose habitual criminal treatment during sentencing. . . . Moreover, in response to the defendant's questions to his counsel, the judge reiterated the numerous inducements he was offering to the defendant. . . . The State objected to the Court's actions in encouraging the defendant to enter a plea of guilty. . . . Nevertheless, the district court accepted the defendant's pleas and adjudged the defendant guilty.

Ex. D, at 8 (#32) (citations omitted, emphasis added). The preceding summary of facts comes from a petition for a writ of prohibition that the prosecution filed with the Nevada Supreme Court, arguing that the district judge's actions exceeded his jurisdiction.[2] Before the Nevada Supreme Court ruled on the petition, petitioner was sentenced. At first, the sentencing hearing was before a different district judge. That judge continued the proceeding, stating:

> I could not in good conscience sentence pursuant to the negotiations which the State informed me were done by the Court directly with the defendant and without the consent of the State.

Ex. J, at 7 (#32).[3] The matter then went back to the original judge, who sentenced petitioner in accordance with what he had stated before petitioner changed his plea. Ex. 7 (#11). After sentencing, the Nevada Supreme Court denied the petition for a writ of prohibition. Ex. H (#32).

Petitioner then appealed the judgment of conviction. Petitioner argued that the police officers violated the Fourth Amendment when they stopped him. Ex. 11 (#11). The prosecution

---

[2] Most of this information is in the transcript of the change-of-plea hearing. <u>See</u> Ex. 6 (#11). However, the petition for a writ of prohibition shows more clearly the extent of the prosecution's objections. The court explains below why this is important.

[3] This quotation comes from the prosecution's fast-track response on direct appeal. The court does not possess a copy of the transcript of this sentencing hearing.

argued in part that petitioner could not appeal because the conditional plea violated Nev. Rev. Stat. § 174.035(3). Ex. J, at 5-8 (#32). That statute provides:

> With the consent of the court and the district attorney, a defendant may enter a conditional plea of guilty, guilty but mentally ill or nolo contendere, reserving in writing the right, on appeal from the judgment, to a review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal must be allowed to withdraw the plea.

The Nevada Supreme Court agreed with the prosecution. It held:

> Generally, the entry of a guilty plea waives any right to appeal from events which preceded that plea. See Webb v. State, 91 Nev. 469, 470, 538 P.2d 164, 165 (1975). "'[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. . . . [A defendant] may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" Id. (quoting Tollett v. Henderson, 411 U.S. 258, 267 (1973)). However, NRS 174.035(3) presents an exception to the rule. It allows a defendant pleading guilty to reserve in writing the right to appeal an adverse determination on a specified pretrial motion, provided he or she has the consent of the district court and the State.
>
> On the day of the trial, Rowell announced that he would plead guilty to the charges of burglary and grand larceny without negotiations. Over the State's objection, the district court indicated that it would allow Rowell to preserve the right to appeal the denial of his suppression motion, would impose concurrent sentences, and would not be inclined to adjudicate him a habitual criminal. Rowell did not obtain the State's consent nor did he reserve in writing the right to appeal the adverse determination of his suppression motion. Under these circumstances, we conclude that the denial of Rowell's suppression motion was not properly preserved for appeal and we decline to consider its merits.

Ex. 12, pp. 1-2 (#11) (emphasis added).

Petitioner then filed in state district court a post-conviction habeas corpus petition. Ex. 14 (#11). The state district court denied the petition. Ex. 15 (#11). Petitioner appealed. The Nevada Supreme Court affirmed on all substantive issues, and it remanded for entry of an amended judgment of conviction to correct a clerical error. Ex. 16 (#11).

Petitioner then commenced this action. The court dismissed three of the four grounds for relief in the original petition (#5) plus ground 5 in an unauthorized statement of additional claims (#7). Grounds 1 and 3 were constitutional challenges to the Nevada statutes defining burglary and larceny, respectively. Ultimately, the court found that the grounds had no merit. Order (#27). Ground 4 challenged the constitutionality of conditional guilty pleas that required the consent of the prosecution. The court found that this ground lacked merit. Order (#4). Ground 5 was a claim that petitioner received ineffective assistance of counsel because counsel would not challenge the

-3-

1 constitutionality of the burglary and larceny statutes.  The court found that this ground lacked merit.
2 Order (#27).

3       The court served respondents with the petition (#5) for a response to ground 2.  Ground 2
4 was the Fourth Amendment claim that petitioner tried to raise on direct appeal.  The court could not
5 determine from the face of the petition whether petitioner had knowingly waived the issue such that
6 Tollett v. Henderson, 411 U.S. 258, 267 (1973), barred this claim, as the Nevada Supreme Court
7 also had held.  Order (#4).  Respondents moved to dismiss ground 2 (#12).  The court denied the
8 motion to dismiss.  The court again could not determine based upon the record it had whether the
9 claim was barred as a pre-plea claim pursuant to Tollett v. Henderson.  The court also could not
10 determine whether petitioner had a full and fair opportunity to litigate the Fourth Amendment issue
11 in the state courts, and thus whether the claim was not addressable in federal habeas corpus pursuant
12 to Stone v. Powell, 428 U.S. 465 (1976).  Order (#27).  The court appointed counsel, partly to
13 resolve this issue and partly because it appeared that petitioner might also have claims that he
14 received ineffective assistance of counsel or that his guilty plea was involuntary and unknowing.  Id.

15       Petitioner then filed the amended petition (#31).  For the purposes of preserving appellate
16 review, he raised the grounds that the court already had dismissed, and the court dismissed them
17 again.  Order (#35).  Petitioner expanded ground 2 into four parts to include claims of an
18 involuntary and unknowing guilty plea and claims of ineffective assistance of counsel.  The Fourth
19 Amendment claim became ground 2(A).  Respondents then moved to dismiss (#36) the new claims
20 in ground 2 because petitioner had not exhausted them in state court.  Petitioner agreed that the
21 claims were unexhausted and moved the court to dismiss them (#42).  The court granted both
22 motions.  Order (#43).  Ground 2(A), the Fourth Amendment claim, remains.

23       When the court expressed its uncertainty in the screening of the original petition (#5) and the
24 denial of respondents' first motion to dismiss (#12), it did not possess two documents that it now
25 possesses:  The prosecution's petition for a writ of prohibition and the prosecution's fast-track
26 response on direct appeal.  See Ex. D, Ex. J (#32).  The transcripts that the court did possess created
27 the appearance that the prosecution was objecting to the sentencing that the judge proposed, but that
28 the prosecution said nothing about the conditional guilty plea.  These additional documents now

show that the prosecution was objecting both to the district court's proposed sentencing and to the district court's statement that petitioner could enter a conditional plea of guilty and reserve the right to appeal the ruling on the motion to suppress. Petitioner could not have relied to his detriment on the prosecution's statements, or silence, to think that he had a valid conditional guilty plea. Conversely, the prosecution's argument on direct appeal that petitioner had failed to comply with the statute governing conditional guilty pleas could not have surprised petitioner. This leads the court to two conclusions.

First, petitioner was on notice before changing his plea and before entry of judgment that he had not complied with § 174.035(3)'s requirements for entering a conditional guilty plea. He needed to obtain the permission of the prosecution for that conditional guilty plea, and he did not obtain it. Consequently, ground 2(A) is a claim of a deprivation of constitutional rights that occurred before petitioner changed his plea, and he may not raise that claim in federal habeas corpus. Tollett v. Henderson, 411 U.S. 258, 267 (1973).

Second, petitioner received a full and fair opportunity to litigate the Fourth Amendment claims in the state courts. Again, petitioner knew that he needed to obtain the permission of the prosecution to enter a conditional guilty plea and appeal the ruling on the motion to suppress, and petitioner did not obtain that permission. Petitioner's failure to preserve the issue for appeal does not mean that he did not receive a full and fair opportunity to litigate the issue in state court; it means perhaps that counsel provided ineffective assistance for failing to preserve the issue. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996). A Fourth Amendment claim and a claim that counsel provided ineffective assistance regarding a Fourth Amendment issue are distinct and separate claims. Kimmelman v. Morrison, 477 U.S. 365, 374 (1986). Consequently, petitioner cannot raise the Fourth Amendment claim in ground 2(A) in federal habeas corpus. Stone v. Powell, 428 U.S. 465 (1976).

It is important to note what ground 2(A) is not, and this returns to the court's order on respondents' first motion to dismiss (#12). The court noted that ground 2 of the original petition might contain a claim that petitioner received ineffective assistance of counsel because counsel failed to satisfy the requirements of Nev. Rev. Stat. § 174.035(3). The court also noted that ground

2 of the original petition might contain a claim that petitioner's plea was involuntary and unknowing because the state district court judge promised petitioner that he could conditionally plead guilty and appeal without informing petitioner that he needed to obtain the prosecution's permission first. Order, at 6-7 (#27). Petitioner presented such claims in the other parts of ground 2 of his amended petition (#31). However, he did not contest that they were unexhausted, and he moved to dismiss those parts of ground two (#42). The court expresses no opinion as to the merits of those dismissed claims.

Reasonable jurists would not find the court's conclusions to be debatable or wrong, and the court will not issue a certificate of appealability.

IT IS THEREFORE ORDERED that the amended petition for writ of habeas corpus (#31) is **DENIED**. The clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED this 25th day of September, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE